patentee's choice of agents does not shift this responsibility to the PTO.

The PTO was also correct to reject Millman's argument that he evidenced intent to pay the maintenance fees by filing other patent applications related to the '890 patent. The PTO has the power to reinstate a patent when the patentee can show to the satisfaction of the Commissioner that the delay was unintentional. 35 U.S.C. § 41(c)(1). The patentee has up to 24 months to submit such a petition. 37 C.F.R. § 1.378(c). After this period ends, section 41(c)(1) and its coordinate regulation 37 C.F.R. § 1.378 require the patentee to show that the delay was *unavoidable* to reinstate the patent. Unavoidability requires at least an *attempt* to comply, not merely an intent to comply. Millman made no such attempt until four years after the patent had expired, and during that time he left all files related to the patent in storage, untouched and unread. The PTO's decision that Millman's delay was not unavoidable was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A).

Christopher D. Vaughn, Melville Johnson, P.C., of Atlanta, Georgia, for petitioner.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge and PROST, Circuit Judge.

**Judgment**

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* Fed. Cir. R. 36.

Rickey TRAVIS, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 2007–3181.

United States Court of Appeals, Federal Circuit.

Dec. 7, 2007.

Douglas R. SESKEY, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 2007–3174.

United States Court of Appeals, Federal Circuit.

Dec. 7, 2007.